UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61493-CIV-COHN/SELTZER

KATHRYN MARY ANDERSON,

    Plaintiff,

v.

DR. GEORGE MUNOZ, and JUDGE
RONALD ROTHSCHILD,

    Defendants.
_____/

## ORDER DISMISSING ACTION

**THIS CAUSE** is before the Court on Plaintiff Kathryn Mary Anderson's *pro se* Complaint [DE 1] ("Complaint"), Plaintiff's Motion for Leave to Proceed in *forma pauperis* [DE 3], Defendant Judge Ronald Rothschild Motion to Dismiss [DE 4], Plaintiff's Objection to Rothschild's Motion to Dismiss [DE 5], and Defendant Rothschild's Reply [DE 6].  The Court has carefully considered the Complaint, the Motions, Plaintiff's Objection, Defendant's Reply, and is otherwise fully advised in the premises.

I.  BACKGROUND

This Complaint is Plaintiff Kathryn Mary Anderson's ("Plaintiff") fourth attempt to appeal state court child custody rulings in federal court under the guise of a civil rights claim under 42 U.S.C. § 1983.  The first three cases were all dismissed for lack of subject matter jurisdiction.  See Anderson v. Munoz, Case No. 09-61700-WPD (filed October 26, 2009, dismissed December 10, 2009); Anderson v. Munoz, Horowitz, Aramony, and Korda, Case No. 10-60429-JIC (filed March 22, 2010, dismissed March

31, 2010); Anderson v. Munoz and Greenhawt, Case No. 10-60976-JIC (filed June 9, 2010, dismissed June 30, 2010).  The present action is filed against Defendant George Munoz and Judge Ronald Rothschild.  Munoz is the father of Plaintiff's children, while Judge Rothschild, as well as all of the other defendants in the prior cases, are Florida state court judges.

The Complaint asserts that Defendants violated 42 U.S.C. § 1983.  Complaint at 1.  Specifically, Plaintiff alleges that Judge Rothschild has been "the judge on the family's custody case since October 1, 2010 and has done nothing to protect the civil rights of the plaintiff and her children." Id.  According to the Complaint, "Judge Rothschild's refusal to consider the law, the facts or the reality of the case show his corruption and involvement with the defendant Dr. George Munoz." Id. at 2.  Plaintiff alleges that during the time when she could afford counsel, she had custody of her children, but after being unable to afford counsel and judicially precluded from representing herself, she has been denied parental relationship, phone calls and visitation of her children. Id.

In an apparent attempt to address prior dismissals of her federal court actions,[1] Plaintiff contends that federal court intervention is necessary to uphold her civil rights.  She alleges that she has sought relief in state court to move her custody action to dependency court to obtain a fairer hearing because she has been repeatedly denied her civil rights at the Broward County Courthouse.

---

[1] The Court must note that in filing this action, Plaintiff failed to follow Local Rules in not listing on her civil cover sheet the re-filed or related cases that are clearly relevant to this action under the plain instructions provided with the civil cover sheet.

## II.  DISCUSSION

Defendant Judge Ronald Rothschild has moved to dismiss this action for lack of jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and (b)(6).  In addition, as Plaintiff is seeking to proceed without prepayment of fees, her complaint is subject to a screening pursuant to 28 U.S.C. § 1915(e)(2).  Section 1915 reads in pertinent part:

> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> ...
>
> (B) the action or appeal-
> ...
>
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915.  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").

The Court need not engage in a Rule 12(b)(6) analysis because the Court does not have subject matter jurisdiction to hear this action.  As the Court has previously ruled in Ms. Anderson's prior actions, under the Rooker-Feldman doctrine, a federal district court generally does not possess the authority to review decisions made by a state court of competent jurisdiction.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> [F]ederal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Goodman ex rel. Goodman, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000). Stated differently, "[t]he Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman, 259 F.3d at 1332 (11th Cir. 2001) (finding Rooker-Feldman doctrine barred certain claims regarding state court decisions depriving a mother of her custody rights).

Here, Plaintiff has styled her complaint as an action under 42 U.S.C. § 1983 seeking redress for alleged constitutional deprivations. The Complaint, however, does not seek any damages. Rather, the Complaint clearly seeks relief from the state courts' resolution of her custody dispute. See Goodman, 259 F.3d at 1332-33 ("The Rooker-Feldman doctrine is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court."). The Complaint is therefore "inextricably intertwined" with state court judgments. Id.

Consequently, although once again the Court is sympathetic to Plaintiff's obvious distress and pain, the Court does not have the authority to review the state court decisions. Id.; see also Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542 (11th Cir. 1990); Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir. 1988)

(holding that the Rooker-Feldman doctrine deprived the district court and the Eleventh Circuit of jurisdiction over a plaintiff's section 1983 claim in which "[s]he requested reinstatement of parental custody and psychiatric care at state expense for her children and herself" based on alleged violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment).  The Court has no choice but to dismiss this action for lack of subject matter jurisdiction.[2]

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Complaint [DE 1] is **DISMISSED WITH PREJUDICE**.

2.  Plaintiff's Motion for Leave to Proceed in *forma pauperis* [DE 3] is **DENIED AS MOOT**.

3.  The Clerk shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of July, 2011.

_/s/ James I. Cohn_
JAMES I. COHN
United States District Judge

cc: Kathryn Mary Anderson (via CM/ECF regular mail)
    David Glantz, AAG

---

[2] Plaintiff should be aware that judges are entitled to absolute judicial immunity from damages for acts taken while they are acting in their judicial capacity, unless they acted in a clear absence of jurisdiction.  Mireles v. Waco, 502 U.S. 9, 9-12 (1991).  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  Id. at 11 (citations omitted).  In addition, Defendant George Munoz is not a "state actor," and therefore is not a proper defendant in a 42 U.S.C. § 1983 action.  These would be additional grounds for dismissal even if the Court had subject matter jurisdiction.